[No. B005595. Second Dist., Div. Seven. Sept. 4, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR LUPE VARELA, Defendant and Appellant.

**COUNSEL**

Kelvin D. Filer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark Alan Hart and Ernest Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, P. J.**—A jury found defendant guilty of robbery (count I), possession of heroin (count II) and possession of cocaine (count III); the court found the two allegations of prior robbery convictions to be true. He appeals from the judgment. The sole appellate issue arises out of denial of his pretrial motion to suppress evidence (§ 1538.5, Pen. Code).

## I

### EVIDENCE AT TRIAL

We view the evidence in the light most favorable to the judgment. (*People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) About 5 p.m. on April 27 defendant robbed employees of Van's Shoe Store. He was described as about 5 feet 8 inches tall weighing 160 pounds, and wearing a stocking mask over his face, a blue baseball cap, beige shirt and blue Levis; he walked up to and threatened to shoot Mark Mathias unless he gave him money from the cash register; defendant acted as if he had a weapon under his shirt, and Mathias believed he had a gun; Mathias removed the money from the cash register, and defendant put it in a bag, then ordered Mathias to take him to the storeroom. The manager, Ms. Dopp, was at her desk in the storeroom counting money; she noted that defendant had a Mexican accent, a Band-Aid on his cheek and what appeared to be a gun; he ordered her and other employees and the customers to go to the back of the room but directed Mathias to go with him to the front. When defendant left, the money Dopp had been counting was gone.

## II

### EVIDENCE ON MOTION

About 5:30 p.m. on April 27, Officer Neel received a phone call from a reliable informant he had used 20 to 30 times, who told him a robbery had taken place at Van's Shoe Store and that the robber had worn a stocking mask, and had a gun; he immediately called Van's Shoe Store, and the manager, Ms. Dopp, confirmed a robbery had taken place a half hour earlier, and that the robber was about 5 feet 8 inches, weighed 160 pounds, wore a beige shirt with a yellow shirt underneath, blue Levis, a pair of pantyhose over his head and a new blue baseball cap, appeared to be a Latin, had a Spanish accent, had a bandage on his cheek, simulated a weapon and had gotten approximately $700.

Again the informant called and told Officer Neel that the robber would be at a certain Jack-in-the-Box Restaurant, would be driving a 1966 Blue Valiant two-door and would be accompanied by a female and male Mexican. Immediately Officer Neel and his partner Officer Hernandez drove to the Jack-in-the-Box and saw a 1966 Blue Valiant, driven by defendant, pull in with two passengers; defendant had a bandage on his cheek, matched the description given by Ms. Dopp and was accompanied by a female and male Latin; the officers approached the car with their guns drawn fearing that

defendant had a gun. Defendant appeared to be under the influence of an opiate (based upon his slow movements, relaxed facial expression and droopy eyelids); Officer Neel ordered defendant and the occupants out of the car, and arrested defendant for robbery. Officer Pantages searched defendant and found on him $290 cash and, in his left front pocket, a bindle of heroin and a bindle of cocaine. Officer Neel then searched and interior of the car, obtained the keys from the ignition and opened the trunk of the vehicle; inside the trunk he found two baseball caps, a pair of ladies' pantyhose, a chrome toy gun, a butcher knife, and a hype kit for use in injecting heroin; he seized all of these items which are the subject of the motion to suppress.

### III

### WARRANTLESS SEARCH OF TRUNK LAWFUL

■ Appellant does not contest the validity of the search of his person contemporaneous with his arrest (*Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]), nor does he challenge the search of the passenger compartment of the vehicle. (*New York* v. *Belton* (1981) 453 U.S. 454 [69 L.Ed.2d 768, 101 S.Ct. 2860]; *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 566 [128 Cal.Rptr. 641, 547 P.2d 417].) He does contend that the warrantless search of the trunk of the vehicle was unlawful inasmuch as the officer knew that a gun had not been used in the crime and he had already been arrested for robbery thus, there were no exigent circumstances to justify such a search.

Two California Supreme Court cases upholding warrantless automobile searches based upon probable cause are *People* v. *Superior Court (Valdez)* (1983) 35 Cal.3d 11, 15 [196 Cal.Rptr. 359, 671 P.2d 863]; and *People* v. *Chavers* (1983) 33 Cal.3d 462, 466-467 [189 Cal.Rptr. 169, 658 P.2d 96]. In *Chavers,* officers stopped a vehicle fitting the description of the car used in a robbery; food items in the passenger compartment were included in the merchandise stolen in the robbery; they forced the glove compartment and found a gun. The court found such search to be proper as based on probable cause, so long as some exigent circumstances existed, explaining that "sufficient exigency generally exists whenever probable cause is first discovered at the time the police stop a vehicle and thus have not had a prior opportunity to obtain a warrant" (pp. 467-468). Further, " 'It is therefore manifest that "when there is probable cause to believe that an automobile stopped on a highway contains contraband, evidence of a crime, or was itself an instrumentality of the commission of one, law enforcement officers need not obtain a warrant before conducting a search . . . ." ' [Citations.]" (P. 468.) The court upheld the search and seizure as entirely consistent with Fourth

Amendment principles, following *United States* v. *Ross* (1982) 456 U.S. 798 [72 L.Ed.2d 572, 102 S.Ct. 2157], for the record established probable cause to believe that seizable items, including fruits of the robbery and the gun used were concealed somewhere in the car. The court concluded, "Accordingly, we hold that probable cause to believe that a lawfully stopped automobile contains contraband justifies an immediate warrantless search of the automobile *despite the absence of any additional exigent circumstances.*" (P. 469, italics added.)

Likewise, the court found a warrantless automobile trunk search to be proper in *People* v. *Superior Court (Valdez)*, *supra*, 35 Cal.3d 11 [196 Cal.Rptr. 359, 671 P.2d 863], relying on *People* v. *Chavers* (1983) 33 Cal.3d 462, 466-467 [189 Cal.Rptr. 169, 658 P.2d 96]. Investigating the theft of a truck found on abandoned property, police searched the trunk of an automobile parked next to it finding parts believed to have been removed from the truck. Defendant conceded probable cause to search the trunk, and the court held that under the "automobile exception" to the warrant requirement, the search did not violate the federal and state constitutions. An additional showing of exigent circumstances was not required to justify the search. The court held that while it may have been possible for police, after discovering the automobile, to have seized it and postponed the search until after a warrant was obtained, a prompt on-the-scene warrantless search was proper under both constitutions.

However, later our Supreme Court in *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744], "conclude[d] that Proposition 8 has abrogated both the 'vicarious exclusionary rule' under which a defendant has standing to object to the introduction of evidence seized in violation of the rights of a third person, and a defendant's right to object to and suppress evidence seized in violation of the California, but not the federal, Constitution." (P. 879.) This disposes of the question posed by the People whether defendant, who offered a registration certificate as the "pink slip" to the car, had standing to object to the introduction of the evidence found in its trunk. However, we do not dispose of the matter before us on this ground for it was generally assumed by the trial court, without deciding, that the car belonged to defendant. But *Lance W.* does govern the disposition of the issue of the validity of the search of the trunk, by directing us to apply federal law governing warrantless car searches.

The federal rule allows warrantless automobile trunk searches by police officers, who lawfully stop a vehicle, having probable cause to believe that contraband is located or concealed therein without the necessity for exigent circumstances (*United States* v. *Ross*, *supra*, 456 U.S. 798 [72 L.Ed.2d 572, 102 S.Ct. 2157] [search of automobile trunk]; see also *United States*

v. *Johns* (1985) 469 U.S. 478 [83 L.Ed.2d 890, 896, 105 S.Ct. 881].) In *Ross* the court observed that the exception to the Fourth Amendment's warrant requirement, recognized by *Carroll* v. *United States* (1925) 267 U.S. 132 [69 L.Ed.2d 543, 45 S.Ct. 280, 39 A.L.R. 790], allows a search of the same scope as could be authorized by a magistrate, and upheld the search of the trunk of the vehicle. Said the court (456 U.S. at p. 821 [72 L.Ed.2d at p. 59]), "A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search," and concluded "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." (P. 825 [72 L.Ed.2d, p. 594].)

On the totality of the circumstances, including the detailed information given by the reliable tested confidential informant corroborated by independent police investigation and personal observations, and the fact that defendant's appearance matched the detailed description of the robber given by Ms. Dopp (*Illinois* v. *Gates* (1983) 462 U.S. 213 [76 L.Ed. 527, 103 S.Ct. 2317]; *People* v. *Prewitt* (1959) 52 Cal.2d 330, 337 [341 P.2d 1]), Officer Neel had probable cause to arrest defendant for robbery and to search the trunk of the car for the proceeds of and instrumentalities used in the robbery. Further, Officer Neel believed defendant to be under the influence of an opiate at the time he ordered him out of the vehicle; after bindles of heroin and cocaine were found on his person, there existed probable cause to believe that more narcotics would be found in the trunk of the vehicle.

We conclude that the search was proper under both state and federal rules. The record clearly establishes that the officers had probable cause to believe that seizable items, including fruits of the robbery, instrumentalities and the "gun" used to accomplish it, and illegal narcotics were concealed somewhere in the car, including the trunk of the vehicle.

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.